**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey (State Bar No. 295032)
E-Mail: yeremey@skclassactions.com
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (State Bar No. 244902)
E-Mail: joel@skclassactions.com
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TONIA JEWELL VINES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOANDEPOT.COM, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. In November 2022, Defendant or its agents made at least three telemarketing calls and sent two telemarketing text messages to Plaintiff's personal cellular telephone for the purpose of selling mortgage lending products. Defendant or its agents made these calls despite Plaintiff having registered her telephone number on the national do-not-call registry almost two decades ago in 2008. The conduct of Defendant or its agents was particularly reckless because Plaintiff told the callers she was not interested in their solicitations but the calls and texts continued regardless.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant or its agents in negligently, knowingly, and/or willfully initiating more than one telemarketing telephone call/text within a 12-month period to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-call registry, without prior express consent, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

## PARTIES

3. Plaintiff is an individual residing in Waldorf, Charles County, Maryland.

4. Defendant is a for-profit limited liability company organized under the laws of Delaware with its principal place of business and headquarters located at 6561 Irvine Center Drive, Irvine, Orange County, California 92618, which is in this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 et seq.

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    1

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to the Court's personal jurisdiction with respect to this action.

## TCPA BACKGROUND

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A. <u>The National Do-Not-Call Registry</u>

9. 47 U.S.C. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent to receive telemarketing calls for purposes of the TCPA, a clear, unambiguous, and conspicuous written disclosure must be provided by the

individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## FACTUAL ALLEGATIONS

14. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Defendant is a for-profit company selling mortgage and non-mortgage lending products in the United States

16. Upon information and belief, Defendant makes telemarketing calls and sends text messages to contact potential customers. In the alternative, Defendant may employ third parties in furtherance of marketing efforts to contact potential customers on their behalf via myriad means, including telemarketing.

17. At no point has Plaintiff sought out or solicited information regarding Defendant's lending products prior to receiving the telemarketing calls and text messages at issue.

18. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls/texts from Defendant or its agents. Plaintiff has never provided Defendant with her telephone number.

19. Plaintiff's cellular telephone number, 301-XXX-0742, is a residential telephone line.

20. Plaintiff added this telephone number to the national do-not-call registry on May 24, 2008.

21. Despite this, Plaintiff received at least three telemarketing calls and two text messages from Defendant or its agent between November 14, 2022 and November 16, 2022.

22. Upon information and belief, and upon investigation of counsel, Plaintiff alleges the calls were placed by Defendant, or a third party acting as

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                      3

Defendant's agent, for the purpose of soliciting Defendant's lending products to Plaintiff on behalf of Defendant.

23. Moreover, on at least one occasion, the caller used a Caller-ID spoofing function to make it appear the call was local. Plaintiff's Caller-ID showed a phone number beginning with a 301 area code, matching Plaintiff's personal cellular telephone's area code. Spoofing phone numbers to appear local is a frequent technique by telemarketers used to increase the chances that the call is answered by consumers, tricking them into thinking that they are getting a local call.

24. Specifically, on November 14, 2022 at 6:06 PM, Plaintiff received a call from telephone number 667-231-2312. Plaintiff answered the call and heard the telltale pause of an autodialing system. After the pause, a voice said, "Hi Tonia." Plaintiff answered, "yes?" and then heard another pause. The caller identified himself as, "Ron from MMG." Ron asked Plaintiff questions about her home loan, such as whether she still owed $100,000 on her home or whether she was current on her mortgage. Ron asked Plaintiff for her email address, and told Plaintiff she would receive another call shortly. As soon as Ron disconnected from the call, Plaintiff's telephone rang.

25. At 6:09 PM Plaintiff received a call from telephone number 301-900-6095. Plaintiff answered the call and again heard the telltale pause of an autodialing system. Then, a voice identified itself as Stephanie from loanDepot. Stephanie attempted to get Plaintiff interested in a lending product from loanDepot. Plaintiff told Stephanie she was not interested.

26. At 6:17 PM Plaintiff received a text message from telephone number 949-878-4339 which said, "Here is my contact information, thanks - Stephanie Younan Reply STOP to unsubscribe from loanDepot."

27. The text message had an attached contact card with Stephanie Younan's name and telephone number.

28. On November 16, 2022 at 11:12 AM, Plaintiff received a call from telephone number 877-285-2645. Plaintiff answered the call and again heard a pause before a voice said something to the effect of, "My name is Selena from loanDepot. I would like to get you transferred to a specialist who will tell you about how you can save." Plaintiff then spoke to a Mike Nelson who identified himself as a licensed specialist from loanDepot. Mike asked Plaintiff how he could help her move forward with "running some numbers" to see what lending product would be best for her. Plaintiff explained she was not interested.

29. Shortly after the call, at 11:16 AM, Plaintiff received a text message from telephone number 949-330-1133 which said, "Here is my contact information, thanks – Mike Nelson Reply STOP to unsubscribe from loanDepot."

30. The text message had an attached contact card with Mike Nelson's name and telephone number.

31. Screen shots of the calls and text messages Plaintiff received are attached hereto at Exhibit A.

32. The calls Plaintiff received were explicit solicitations by Defendant, or Defendant's agent, or both, regarding Defendant's lending products. Once Plaintiff was transferred, Defendant, through its employees, Stephanie Younan and Mike Nelson, further solicited Plaintiff regarding Defendant's insurance products and services.

33. Plaintiff alleges Defendant made the calls to Plaintiff directly. In the alternative, Plaintiff alleges based on the business model of companies who engage in telemarketing for the purpose of gathering warm leads, such as "Ron from MMG" and Selena who initiated the calls to Plaintiff, a contract must exist between the original caller and Defendant. Plaintiff alleges Defendant should be held vicariously liable for the conduct of its agent, the original caller, and directly liable for the conduct of Defendant's employees, including Younan and Nelson. The individuals to whom Plaintiff was ultimately transferred were Defendant's

employees. Defendant directly employed Younan and Nelson at the time Plaintiff received these calls. At a minimum, Defendant accepts the transfers from third parties who are marketing and lending products on behalf of Defendant, thereby ratifying their conduct. A reasonable person would understand the third party initiating the calls would be doing so at the direction and with the authority of Defendant. Accordingly, the conduct of Defendant's agent(s) and employees gives the appearance of apparent authority, actual authority, and ratification.

34. Around the time of these calls, Plaintiff was not in the market for or researching lending products on the internet, in person, or otherwise. The home Plaintiff lives in was purchased in 2006 and financed by a mortgage in her parents' name. Plaintiff did not have plans to purchase or move to another home in 2022. Plaintiff has never interacted with Defendant or its agents in any manner, other than through the receipt of the above telemarketing calls. Plaintiff did not consent to receiving these calls.

35. Plaintiff and all members of the class defined below have been harmed by the acts of Defendant or its agents because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, prevented them from receiving legitimate communication, and interfered with their use of their telephones for legitimate purposes.

## CLASS ACTION ALLEGATIONS

36. As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action seeking injunctive relief and money damages on behalf of herself and on behalf of all other persons similarly situated throughout the United States.

37. Plaintiff proposes the following "National Do-Not-Call Registry Class" definition, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States (a) whose numbers are listed on the

national do-not-call registry; (b) and who received two or more telemarketing calls/texts within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

38. Plaintiff represents, and is a member of, the proposed class. Excluded from the class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

39. **Numerosity.** The potential members of the proposed class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages. Individual joinder of these persons is impracticable.

40. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed class have been harmed by the acts of Defendant, including, but not limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

41. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42. The members of the National Do-Not-Call Registry Class, as defined above, are identifiable through telephone records and telephone number databases.

43. There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed class. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

    (a) Whether Defendant and/or its agents systematically made multiple telemarketing telephone calls/texts to members of the National Do-Not-Call Registry Class;

    (b) Whether Defendant and/or its agents made the calls/texts referenced in Paragraph 43(a) without first obtaining prior express written consent to make the calls;

    (c) Whether Defendant's conduct and/or the conduct of its agents referenced in Paragraph 43(a) was knowing and/or willful;

    (d) Whether Defendant and/or its agents are liable for damages as a result of the conduct referenced in Paragraph 43(a), and the amount of such damages; and

    (e) Whether Defendant and/or its agents should be enjoined from engaging in the conduct referenced in Paragraph 43(a) in the future.

44. **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and/or its agents and are based on the same legal and remedial theories. Specifically, the proposed class members are all persons who received telemarketing calls or text messages on their telephones without their prior express written consent. Plaintiff is a member of the proposed class and will fairly and

adequately represent and protect the interests of the proposed class as she has no interests that conflict with any of the proposed class members.

45. **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because her interests do not conflict with the interests of the proposed class, she will fairly and adequately protect the interests of the proposed class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. **Superiority**. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the proposed class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

48. Defendant acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its agents on Defendant's behalf that are complained of

herein are substantially likely to continue in the future if an injunction is not entered.

# FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227, et seq.
### (On Behalf of Plaintiff and the National Do-Not-Call Registry Class)

49. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-48 and incorporates them by reference herein.

50. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

51. Defendant's violations were willful or knowing.

52. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

54. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227, *et seq.*

### (On Behalf of Plaintiff and the National Do-Not-Call Registry Class)

55. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-48 and incorporates them by reference herein.

56. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

57. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5).

59. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

    a. Certification of the proposed class;

    b. Appointment of Plaintiff as representative of the class;

    c. Appointment of undersigned counsel as counsel for the class;

d.  A declaration that Defendant's actions complained of herein violated the TCPA;

e.  An order enjoining Defendant from making telemarketing calls to numbers on the national do-not-call registry absent an emergency circumstance;

f.  An award of damages to Plaintiff and each member of the proposed National Do-Not-Call Registry Class, as allowed by law, including, but not limited to, treble damages of up to $1,500 for each willful or knowing telemarketing call that violated the TCPA and $500 in statutory damages for each telemarketing call or text message that otherwise violated the TCPA;

g.  An award of attorney fees, expenses, and costs; and

h.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: May 16, 2024                Respectfully submitted,

                                                                      /s/   Joel D. Smith

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey (State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

1 *Attorneys for Plaintiff*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28